IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

**DEWAYNE ANDERSON,**

        **Petitioner,**

v.                                                                                          **Case No. 5:23-cv-00490**

**FCI BECKLEY WARDEN W. HOLZAPFEL,**

        **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is Petitioner's *pro se* Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, (ECF No. 1). This matter is assigned to the Honorable Frank W. Volk, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that the petition be **DISMISSED**, as moot, and this action be removed from the docket of the Court.

**I.**     **Relevant History**

On July 20, 2023, Dewayne Anderson ("Anderson") filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, (ECF No. 1), challenging the Federal Bureau of Prison's ("BOP") failure to apply his earned time credits under the First Step Act ("FSA"). Anderson indicated that his risk of recidivism was wrongfully determined to be "medium" when it should be "low." (ECF No. 1 at 8-11). According to Anderson, this incorrect assessment of his recidivism risk prevented him from receiving earned FSA time credits

1

against his sentence. (*Id*.). Anderson asked the Court to provide him with the credits and to lower his recidivism risk score. (*Id*. at 11).

Respondent was ordered to file a response to the petition, (ECF No. 5), which he did on September 25, 2023. (ECF No. 6). Petitioner was given sixty days to reply to Respondent's response, but did not do so. On June 27, 2024, the undersigned issued an Order directing Respondent to file a supplemental brief, explaining the reason for a significant decrease in Petitioner's projected release date—his release date had changed from October 18, 2026 to February 14, 2025. (ECF No. 8). Respondent filed the supplemental brief, advising the Court that Petitioner's recidivism risk score had been reviewed on May 27, 2024 and was decreased to "low". (ECF No. 9 at 2). As a result, Petitioner received his earned FSA time credits, which in turn, reduced his sentence. (*Id*.). Anderson was given seven days to file a supplemental reply, which was received by the Clerk of Court on July 12, 2024. (ECF Nos. 10, 11). In his supplemental reply, Anderson acknowledged that his recidivism risk score was lowered in May 2024, and he had received his FSA time credits. (ECF No. 11 at 1). Anderson stated that he no longer needed the Court's assistance, and his case may be closed.

**II.   Discussion**

"The doctrine of mootness constitutes a part of the constitutional limits of federal court jurisdiction, which extends only to actual cases or controversaries." *Fleet Feet, Inc., v. NIKE, Inc.*, 986 F.3d 458, 463 (4th Cir. 2021). Because mootness is jurisdictional, the court must consider it even when no party has raised the issue. *United States v. Ketter*, 908 F.3d 61, 65 (4th Cir. 2018). "To be justiciable under Article III of the Constitution, the conflict between the litigants must present a 'case or controversy' both at the time the lawsuit is filed and at the time it is decided. If intervening factual … events effectively

dispel the case or controversy during pendency of the suit, the federal courts are powerless to decide the questions presented." *Ross v. Reed*, 719 F.2d 689, 693-94 (4th Cir. 1983); *also Arizonans for Official English v. Arizona*, 520 U.S. 43, 68 n.22 (1997) (citations omitted) ("The requisite personal interest that must exist at the commencement of the litigation … must continue throughout its existence."). In other words, a case no longer presents a actionable controversy—and thus becomes moot—when it is "impossible for [the] court to grant any effectual relief whatever to a prevailing party." *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (quoting *Knox v. Service Employees*, 567 U.S. 298, 307 (2012)).

Here, both Anderson and Respondent agree that Anderson has received the relief he requested from the Court. Accordingly, the undersigned **FINDS** that there is no additional relief this Court can provide to him, and his petition is now moot. *Williams v. Ozmint*, 716 F.3d 801, 809 (4th Cir. 2013) ("A claim may be mooted "when the claimant receives the relief he or she sought to obtain through the claim," because the court no longer "has [ ] effective relief to offer.'") (quoting *Friedman's, Inc. v. Dunlap*, 290 F.3d 191, 197 (4th Cir. 2002)).

There are two exceptions to the mootness doctrine. *Leonard,* 804 F.2d at 842. First, under the "collateral consequences" exception, a habeas petition is not rendered moot after a petitioner is released from custody where the conviction results in collateral consequences that continue after expiration of the sentence. *Id.* (citing *Carafas v. LaVallee,* 391 U.S. 234 (1968)). For example:

> [w]here the criminal conviction … results in the continued denial of important civil rights, such as the right-to-vote or the right to be considered for jury duty, the claim for habeas relief will remain a live controversy even after the prisoner has been released from custody. Similarly, where the criminal conviction may result in an enhanced sentence should the petitioner later be convicted of another crime, h[is] stake in habeas relief

permits the court to exercise its judicial freedom long after [ ] he has been freed.

*Broughton v. State of N.C.,* 717 F.2d 147, 148-49 (4th Cir. 1983) (internal citations omitted). Second, the "capable of repetition, yet evading review" exception prevents a petition from becoming moot when two elements are present: (a) the challenged action is too short in duration to be fully litigated before it ceases or expires, and (b) there is a reasonable expectation that the same petitioner will be subjected to the same wrongful action again. *Leonard,* 804 F.2d at 842 (citing *Weinstein v. Bradford,* 423 U.S. 147, 149, (1975)). The party advocating for the exception to the mootness doctrine bears the burden of demonstrating that the exception applies. *Incumaa*, 507 F.3d at 289 (citing *Brooks v. Vassar,* 462 F.3d 341, 348 (4th Cir. 2006)).

The undersigned **FINDS** that Anderson's petition cannot satisfy either exception to mootness. He does not meet the first exception, because he does not challenge his conviction or sentence. "Where the petitioner elects only to challenge the execution of his sentence and not the validity of the conviction, collateral consequences are irrelevant." *Maultsby v. Rickard*, No. 1:17-CV-04612, 2018 WL 4289648, at *2 (S.D.W. Va. June 29, 2018), *report and recommendation adopted*, No. CV 1:17-04612, 2018 WL 4291740 (S.D.W. Va. Sept. 6, 2018) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)); *also Lane v. Williams,* 455 U.S. 624, 631, (1982). Anderson likewise is unable to meet the second exception to the mootness doctrine, because the issue he raised did not evade review. To the contrary, he received the relief he requested, simply rendering further review unnecessary. Moreover, Anderson cannot demonstrate a reasonable expectation that he will face the same alleged wrongdoing. "Mere conjecture … that the prisoner may … again face the alleged wrong is not sufficient to meet the mootness exception." *Herrera v.*

*Finan,* 709 Fed. Appx. 741, 745-46 (4th Cir. 2017) (citing *City News & Novelty, Inc. v. City of Waukesha,* 531 U.S. 278, 283 (2001)); *Owens v. FCI Beckley,* No. 5:12-CV-03620, 2013 WL 4519803, at *7 (S.D.W. Va. Aug. 27, 2013) (citing *Higgason v. Farley,* 83 F.3d 807, 810 (7th Cir. 1996)). Therefore, neither exception to the mootness doctrine applies.

Therefore, the undersigned **FINDS** that (1) Petitioner's receipt of a lower recidivism risk score and his FSA credits renders his habeas petition moot and (2) no exception to the mootness doctrine applies in this case.

### III. Proposal and Recommendations

For the reasons stated, the undersigned respectfully **PROPOSES** that the presiding District Judge confirm and accept the foregoing findings and **RECOMMENDS** that the Petition for a Writ of Habeas Corpus, (ECF No. 1), be **DISMISSED**, as moot, and this action be **REMOVED** from the docket of the Court.

The parties are is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Frank W. Volk, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Thomas v. Arn*, 474 U.S. 140 (1985); *Snyder v. Ridenour*, 889

5

F.2d 1363 (4th Cir. 1989); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Volk, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner and counsel of record.

**FILED:** July 12, 2024

_____
Cheryl A. Eifert
United States Magistrate Judge